UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID ERPENBECK,

        Plaintiff

    v.                                                            C-1-05-419

PREMIER GOLF MANAGEMENT, INC.,

        Defendant

### **O R D E R**

This matter is before the Court upon Defendant's motion for summary judgment (Doc. 14), which Plaintiff has opposed (Doc. 20), and to which Defendant has replied. (Doc. 28). Both parties also have filed proposed findings of fact and conclusions of law (Docs. 15, 19), and have responded to the opposing party's filing. (Docs. 18, 29).

### **Procedural History/The Parties' Claims**

On June 20, 2005, Plaintiff David Erpenbeck filed this action against Defendant Premier Golf Management, Inc., his former employer, setting forth claims of age discrimination under federal and Ohio law, as well as a state law claim for breach of Ohio public policy. (Doc. 1). Plaintiff alleges that shortly after assuming management responsibility for the golf courses where Plaintiff was employed, Defendant terminated the 48-year-old Plaintiff's employment and replaced him with a younger employee, while also retaining younger, similarly-situated employees. Plaintiff requests reinstatement, damages, prejudgment interest and attorneys' fees.

On August 4, 2006, Defendant filed its motion for summary judgment. (Doc. 14).

Defendant contends that without even knowing Plaintiff's age, it terminated Plaintiff's employment as a cost-cutting measure in light of his high salary, and that it retained two similarly-situated employees older than Plaintiff who were earning lower salaries. Urging that Plaintiff has presented no evidence other than his age to support the theory that his age was a factor in Defendant's termination decision, and also has no evidence to counter Defendant's legitimate, non-discriminatory reason for its termination decision, Defendant suggests that such lack of evidence defeats Plaintiff's claims in their entirety. In addition, Defendant argues that irrespective of Plaintiff's ability to set forth a prima facie case of age discrimination, Plaintiff cannot maintain an Ohio public policy claim. Defendant requests that summary judgment be entered against Plaintiff as to his entire complaint.

Plaintiff, however, contends that genuine issues of material fact preclude summary judgment. (Doc. 20). For example, he argues that one decision maker had met him and that Defendant had access to employment records showing his age before terminating him, that Defendant has given different explanations at different times for terminating his employment, and that Defendant never offered him the opportunity to remain employed at a lower salary. Plaintiff urges that such material inconsistencies implicate credibility issues that must be resolved by a jury.

**Standard Applicable to Motions for Summary Judgment**

The summary judgment procedure under Fed. R. Civ. P. 56 was designed to secure a just, speedy and inexpensive determination of any action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 342 (1986). Rule 56(c) permits the Court to grant summary judgment as a matter of law, however, only after the moving party has identified as the basis of its motion "the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which demonstrate the absence of any genuine issue of material fact. *Id*. at 323.

The party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 88 S. Ct. 1575 (1968)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 90 S. Ct. 1598 (1970)).

The function of the court is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id*. (citing *Cities Serv.*, 391 U.S. at 288-289). If the evidence is merely colorable, *Dombrowski v. Eastland*, 387 U.S. 82, 84, 87 S. Ct. 1425 (1967), or is not significantly probative, *Cities Serv.*, 391 U.S. at 290, judgment may be granted. *Anderson*, 477 U.S. at 249.

"The courts have long recognized that the utility of summary judgment as a method of resolving employment discrimination claims involving questions of intent and motivation is limited." *Tragler v. Rondy Inc.*, 45 F.3d 431, 1994 WL 709285 at *4 (6th Cir. 1994) (citing *Thornbrough v. Columbus & Greenville R.R.*, 760 F.2d 633, 640-41 (5th Cir. 1985)). Accordingly, the question of an employer's motive "is one rarely susceptible to resolution at the

summary judgment stage,"*Ross v. Campbell Soup Co.*, 237 F.3d 701, 706 (6th Cir. 2001), and courts may be justifiably reluctant to grant summary judgment where "motive and intent are crucial elements and the proof is in the hands of the alleged wrongdoers." *Cooper v. City of North Olmsted*, 795 F.2d 1265, 1272 n.4 (6th Cir. 1986) (quoting *Reed v. Lockheed Aircraft Corp.*, 613 F.2d 757, 759 (9th Cir. 1980)).

## O P I N I O N

### Analysis of Plaintiff's Age Discrimination Claims

Construing as we must all relevant evidence in Plaintiff's favor, *see Anderson*, 477 U.S. at 255, the Court concludes that genuine issues of material fact render summary judgment inappropriate as to Plaintiff's age discrimination claims. Although Defendant maintains that it cannot have committed intentional age discrimination because it did not know Plaintiff's age when it terminated his employment, this Court is not bound by Defendant's self-serving assertion to that effect. Plaintiff has presented two facts – that decision maker Flickwir had met him and that Defendant had access to a form containing his birthdate prior to terminating his employment – from which a jury could infer that Defendant knew that Plaintiff was in the protected age class. This issue implicates the troublesome area of an employee's inability to prove what was in the employer's mind, and better practice thus dictates allowing the trier of fact to make this credibility determination.

A similar conclusion follows as to the sole remaining element of Plaintiff's *prima facie* age discrimination claim which Defendant challenges – specifically, whether Plaintiff can prove that he was replaced by someone younger or was treated less favorably than similarly-situated, younger employees. *See Minadeo v. ICI Paints*, 398 F.3d 751, 763 (6th Cir. 2005). Defendant

concedes that after Plaintiff's termination, a full-time course superintendent position remained at the Shaker Run course, which was filled by someone 12 years younger than Plaintiff. Defendant also concedes that younger employees were retained as course superintendents at some of the other courses it acquired. Although Defendant attempts to distinguish the newly-hired Shaker Run superintendent by noting that he did not assume Plaintiff's "regional agronomist" duties and thus technically did not "replace" Plaintiff, that argument is undercut by Defendant's failure to extend Plaintiff an offer to accept a pay cut and stay on with reduced responsibilities. Notwithstanding Defendant's purported "business judgment" that Plaintiff could not be expected to perform satisfactorily at a significantly reduced salary, a reasonable trier of fact could find that Defendant's failure even to offer the position to Plaintiff may have been motivated by considerations other than those Defendant identifies. The Court therefore finds that Plaintiff is entitled to have a jury consider whether he was treated less favorably than similarly situated younger persons.

     Finally, Defendant's proffered legitimate, non-discriminatory reason for its decision – that it wished to eliminate Plaintiff's high salary – also is subject to jury scrutiny. When Defendant terminated Plaintiff's employment, its representatives advised him that he was being let go because the company would not have a regional agronomist position in its new organization. Subsequent explanations, however, have centered on Plaintiff's high salary.

     While the aforementioned factual disparities are not the only contested issues in this matter, they are sufficient to remove this matter from the province of summary judgment for resolution of Plaintiff's age discrimination claims even without analyzing the parties' additional arguments. The Court therefore will not grant Defendant's motion as to those claims.

**Law Applicable to Claims for Breach of Public Policy Under Ohio Law**

Employees in Ohio who are discharged or disciplined for a reason which contravenes clear public policy may bring a tort action. *Painter v. Graley*, 70 Ohio St. 3d 377 (1994). Plaintiffs may establish a public policy tort by proving the following elements:

> 1. That [a] clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element).
>
> 2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the *jeopardy* element).
>
> 3. T[hat t]he plaintiff's dismissal was motivated by conduct related to the public policy (the *causation* element).
>
> 4. T[hat t]he employer lacked overriding legitimate business justification for the dismissal (the *overriding justification* element).

*Id*. at 384 (quoting H. Perritt, *The Future of Wrongful Dismissal Claims: Where Does Employer Self Interest Lie?*, 58 U.CIN.L.REV. 397, 398-99 (1989)).

Where the underlying statutes which establish a public policy also provide an adequate remedy for an alleged violation thereof, however, a plaintiff cannot satisfy the "jeopardy" element and thus cannot maintain a public policy tort action. *Wiles v. Medina Auto Parts*, 96 Ohio St.3d 240, 244 (2002). Since the *Wiles* decision, federal courts routinely have dismissed Ohio public policy claims where federal and/or state anti-discrimination statutes adequately protect the interest at issue. *See, e.g., Carrasco v. NOAMTC Inc.*, 124 Fed. Appx. 297, 304, 204 WL 2756838 (6th Cir. Dec. 1, 2004); *Dillbeck v. Huntington Nat'l Bank*, No. 2:03-CV-0689, 2005 WL 1266690 at *7 (S.D. Ohio May 26, 2005); *Satterwhite v. Faurecia Exhaust Sys.,*

*Inc.*, No. 3:02-CV-574, 2005 WL 1279253 at *17 (S.D. Ohio May 31, 2005). This Court adopts the reasoning used by those courts in concluding that dismissal of Plaintiff's public policy claim here is justified by his inability to establish the "jeopardy" element, as federal and state age discrimination statutes provide other remedies for the challenged conduct.

　　　　IT THEREFORE IS ORDERED that Defendant's motion for summary judgment (Doc. 14) hereby is GRANTED in part and DENIED in part. Defendant's motion is GRANTED as to Plaintiff's Ohio public policy claim only, and Count III of Plaintiff's complaint therefore is DISMISSED with prejudice. The motion is DENIED in all other respects. Accordingly, this matter hereafter shall proceed to trial in accordance with the established schedule as to the federal and state age discrimination claims set forth in Counts I and II of Plaintiff's complaint.

　　　　**IT IS SO ORDERED.**


　　　　　　　　　　　　　　　　　　　　　　 s/ Herman J. Weber
　　　　　　　　　　　　　　　　　　　　　Herman J. Weber, Senior Judge
　　　　　　　　　　　　　　　　　　　　　United States District Court